**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re:
RENE L GARCIA SOSA                                    Case No. 16-19204-RBR
NANCY PEREZ MARTINEZ

                                    Chapter 7

                Debtors.
_____/

## TRUSTEE'S APPLICATION FOR EMPLOYMENT OF SPECIAL COUNSEL

SONYA L. SALKIN, Trustee, respectfully requests an Order of the court authorizing the employment of Jorge Romani, of the firm of Segurola & Romani, to represent the Trustee as special counsel in this case and states:

1. It is necessary that the trustee employ an attorney to represent the bankruptcy estate to undertake the efforts in a personal injury case involving the Debtors, Rene L Garcia Sosa and Nancy Perez Martinez.

2. The attorney does not hold or represent any interest adverse to the debtor or the estate with respect to the matter on which he is to be employed, and the trustee believes that the employment of this attorney would be in the best interest of the estate.

3. Attached to this motion as 'Exhibit A' is the proposed attorney's affidavit demonstrating Jorge Romani and the firm Segurola & Romani are disinterested as required by 11 U. S. C. § 327(e) and a verified statement as required under Bankruptcy Rule 2014.

4. The attorney has agreed to be compensated in accordance with 11 U. S. C. § 330 and his existing Fee Agreement (attached as Exhibit "B").

5. The Trustee believes this attorney is qualified to handle and pursue this cause of action.

WHEREFORE, the Trustee respectfully requests an Order authorizing the employment of Jorge Romani, of the firm Segurola & Romani, to represent the Trustee on contingency basis.

Dated: September 23, 2016

                                                          /s/ Sonya L. Salkin, Trustee
                                                          SONYA L. SALKIN, TRUSTEE
                                                          P.O. Box 15580
                                                          Plantation, FL 33318
                                                          (954) 423-4469

...

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA

In re:                                                                                          Case No. 16-19204-RBR

RENE L GARCIA SOSA

NANCY PEREZ MARTINEZ                                                      CHAPTER 7

DEBTOR(S)_____/

### VERIFIED STATEMENT OF PROPOSED SPECIAL COUNSEL FOR TRUSTEE

Pursuant to 11 U.S.C. § 327, F.R.B.P. 2014 and 9011 and 28 U.S.C. § 1746, the proposed attorney for the Trustee hereby submits his Verified Statement and states as follows:

1. I am an attorney admitted to practice in the State of Florida.

2. The law firm is located at (address). We do not hold or represent any interest adverse to the estate and do not represent or hold any interest adverse to the debtor with respect to the matter on which I am being retained as required by 11 U.S.C. § 327 (e).

3. We do not have any connections with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee or any person employed in the office of the U.S. Trustee, except that I previously represented the Debtor in the subject cause of action.

4. This firm handles cases on a contingency basis. A copy of our contingency fee agreement is attached to the Application and I understand that prior to being paid that my fees and costs are subject to the Bankruptcy Court approval.

I declare under penalty of perjury that the foregoing is true and correct.

Date: 9-15-16

Jorge Romani
Segurola & Romani
3301 Ponce De Leon Blvd. Floor 3
Coral Gables, FL 33134

# SEGUROLA & ROMANI

3301 Ponce de Leon Blvd., Third Floor
Coral Gables, FL 33134
(305) 447-8778

## CONTINGENT FEE CONTRACT

**THIS AGREEMENT IS A LEGALLY BINDING CONTRACT AND MUST BE READ CAREFULLY, FULLY AND COMPLETELY. Your execution of this Agreement constitutes acknowledgment that you understand the Agreement fully and that you are legally obligating yourself to comply with the Agreement.**

I, the undersigned client(s) ("Client"), retain and employ SEGUROLA & ROMANI, ("the Firm"), as my attorneys to represent me in connection with any and all claims which I may have against or any other person, firm or corporation liable under or from an incident occurring on or about the _22_ day of _January_, 20_15_.

As compensation for services rendered, I agree to pay the Firm from the **gross proceeds** of any recovery, the following fee:

a.  Before the filing of an answer or the demand for appointment of arbitrators, or, if no answer is filed or no demand for the appointment of arbitrators is made, the expiration of the time period provided for such action:

   1.  33 1/3% of any recovery up to $1 million: plus

   2.  30% of any portion of the recovery between $1 million and $2 million; plus

   3.  20% any portion of the recovery exceeding $2 million.

b.  After the filing of an answer or the demand for appointment of arbitrators, or, if no answer is filed or no demand for the appointment of arbitrators is made, the expiration of the time period provided for such action, through the entry of judgment:

   1.  40% of any recovery up to $1 million: plus

   2.  30% of any portion of the recovery between $1 million and $2 million; plus

   3.  20% of any portion of the recovery exceeding $2 million.

    c.        If all defendants admit liability at the time of filing their answers and request a trial only on damages:

        1.        33 1/3% of any recovery up to $1 million: plus

        2.        20% of any portion of the recovery between $1 million and $2 million; plus

        3.        15% of any portion of the recovery exceeding $2 million.

    d.        An additional 5% of any recovery after notice of appeal is filed or post-judgment relief or action is required for recovery on the judgment.

I understand and agree to remain at all times responsible for all court costs, expert witness fees, subpoena fees, deposition fees, transcript fees, and any other reasonable out-of-pocket expenses incurred by the Firm in its investigation and prosecution of any claims I may have. I understand that I am responsible for these fees, costs and expenses regardless of the success of my claim.

The Firm has my authorization and consent to employ any other lawyer as co-counsel, if, in its discretion, it deems such appointment to be beneficial to my case. I agree that the co-counsel will also have the right to represent me in the prosecution of my claims. The Firm will, however, have responsibility for paying the co-counsel out of its fee. It is understood that I have no other obligation to pay the co-counsel, but that any out-of-pocket expenses incurred by co-counsel shall be considered costs of litigation for which I am responsible. It is understood that the co-counsel will be available to me for consultation in this matter should I so desire.

I understand and agree that if a judgment is obtained against any defendant, and the court awards statutory or contractual attorneys' fees in my favor, the following provisions shall apply:

- If the amount of said attorneys' fee award exceeds the Firm's percentage share of Client's gross recovery, exclusive of said fee award, then the collected attorneys' fee award shall be considered earned by the Firm and shall constitute the Firm's compensation, and the Firm will not receive any percentage of the Client's gross recovery, exclusive of said award, as attorneys' fees.

- If the Firm's percentage share of the Client's gross recovery exceeds the amount of the attorneys' fee award, then the Firm shall take its fee as set forth above, from the Client's gross recovery, and the court's award of attorneys' fees shall be awarded to the Client.

- If the court awarded fee is due to an insurance coverage dispute, and the cause proceeds to trial or arbitration on liability and damages, the Firm shall retain the awarded fee and the contingent fee percentage as well.

In the event that a "structured settlement" is reached, I agree that the Firm's fee for same shall be computed on the basis of the present value of the structured settlement at the time of settlement. In determining what the present value of the structured settlement is, the parties agree to rely on appropriate accounting methods for determining present value as set forth by actuaries, economists or other experts in the field. Any expense of determining present value shall be considered a cost for the case for which I agree to bear the expense. Furthermore, the Firm's fee, computed on the basis of "present value," is due and payable at the time of any settlement.

The Firm is authorized to investigate fully any claims I have. If the Firm decides that it is in my best interest to file a lawsuit or other legal proceeding on my behalf, the Firm has the authority to prepare and prosecute these proceedings. If, at any time, having made reasonable investigation and inquiry of my claims, the Firm determines that it is not feasible or proper for the Firm to prosecute my claims, it shall notify me of these facts and may withdraw from representation under this agreement.

I agree to keep the Firm advised of my whereabouts at all times and to cooperate in the preparation and trial of my case, to appear on reasonable notice for depositions and court appearances and comply with all the reasonable requests made of me in connection with the preparation and presentation of my case.

I understand and agree that this employment is based upon a contingent fee basis, and if no recovery is made, I will not be indebted to the Firm for any sums whatsoever for attorneys' fees. I recognize the right of my attorney to withdraw from the case and return the file to me at his discretion whenever he is of the opinion that chances for success in this case do not justify going forward.

It is further understood and mutually agreed that neither I nor the Firm will settle any claim arising out of this accident/incident without first having obtained the express consent of the other. It is understood and agreed that if either party receives a settlement offer, it will be immediately forwarded to the other.

It is further agreed that if the Firm negotiates and recommends acceptance of a particular settlement, as offered by the defendant or its agent, and if I refuse to accept the settlement, such refusal shall constitute sufficient grounds for the Firm to withdraw from representation of me and I agree to be indebted to the Firm for any amount of attorney's fee and costs and expenses incurred based on said offer as recommended.

I expressly grant power to my attorneys to endorse and deposit into the Firm's trust account any checks in my name, and authorize my attorneys to deduct agreed to fees, costs and expenses, and to pay all outstanding hospital and medical bills from my share of the recovery. I understand and agree that all unpaid bills for medical care shall remain my obligations.

The undersigned client has, before signing this contract, received and read The Statement of Client's Rights, and understands each of the rights set forth therein. The undersigned Client

3

has signed the Statement and received a signed copy to keep for reference while being represented by the Firm.

This contract may be canceled by written notification to the Firm at any time within three (3) business days of the date the contract was signed, as shown below and, if canceled, the Client shall not be obligated to pay any fees to the Firm for the work performed during that time. If the Firm has advanced funds to others in representation of the Client, the Firm is entitled to be reimbursed for such amounts as they have reasonably advanced on behalf of the Client.

I further agree that any proceeds of any recovery, whether they be by settlement, judgment, levy and execution or otherwise, are to be used to satisfy the Firm's fees; all costs and expenses of litigation which remain unpaid; and any and all unpaid bills of physicians, hospitals, medical expenses, expert witness fees and other related items.

Additionally, if all or part of the prior costs have been paid by another source (i.e., insurance or medical coverage), I agree that such source will be reimbursed out of any such proceeds to the extent required by law or in accordance with any lien. The Firm has the authority and authorization to make such disbursements of those funds directly to the doctors, hospitals or other persons concerned as is necessary.

**I further agree that consistent with applicable laws, statutes and ethical rules, the Firm shall have a lien on all monies, things of value and other consideration recovered in any claim it prosecutes on my behalf.**

I have discharged and dismissed all previous attorneys involved in my case and have agreed to pay them a reasonable fee for the services already performed by them. I completely and fully understand that the Firm is not obligated to pay any of my previous attorneys unless they have specifically agreed to do so with such attorney.

In the event that I see fit to discharge the Firm, I agree to pay my attorneys a reasonable fee for the services already performed by them. No representation has been made to me as to what amount, if any, I may be entitled to recover in this case. I further agree that any oral changes or modifications of the above contract must be noted and written on the reverse side of this contract in order to be valid and binding.

**DATED** this _____ day of _____1-22-15_____, 20___.

_____
CLIENT

_____
CLIENT

_____
ATTORNEY

4